DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

HARVEY BIRDMAN, HERBERT        )
HIRSCH, BONITA HIRSCH, BARCLAY)
ASSOCIATES, INC., KINSBRIDGE  )
ASSOCIATES, INC.              )
                              )
            Plaintiffs,       )
                              )          Civil No. 2009-55
                              )
        v.                    )
                              )
OFFICE OF THE GOVERNOR, BUREAU)
OF INTERNAL REVENUE, and THE  )
UNITED STATES OF AMERICA      )
                              )
            Defendants.       )
_____)

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiffs.*

**Tamika Archer, Esq.**
St. Thomas, U.S.V.I.
     *For the Bureau of Internal Revenue.*

**Dashiell C. Shapiro, Esq.**
Washington, DC
     *For the United State of America.*

<u>**MEMORANDUM OPINION**</u>

Before the Court are the motions of the defendants, the

Virgin Islands Bureau of Internal Revenue ("VIBIR") and the

United States of America, to dismiss this matter.  The United

States also moves, in the alternative, to transfer this matter.

# I. FACTS

Plaintiffs Harvey and Diane Birdman ("the Birdmans") are married.[1]  Plaintiffs Herbert and Bonita Hirsch ("the Hirsches") are also married.

Mr. Birdman and Mr. Hirsch own and operate businesses in the Virgin Islands and the United States mainland.  During tax years 2003, 2004, 2005, and 2006, their source of income was from corporations, Barclay Associates, Inc. ("Barclay") and Kingsbridge Associates, Inc. ("Kingsbridge").  Barclay and Kingsbridge, in turn, received income from Four Points Management, LLP ("Four Points"), an entity formed under Virgin Islands law and a beneficiary of the Virgin Islands Economic Development Commission.  Mr. Birdman and Mr. Hirsch also served as consultants to Four Points.

The Birdmans and the Hirsches were Virgin Islands residents during tax years 2003, 2004 and 2005 and submitted tax returns to defendant the VIBIR during those years.  During tax year 2006, the Birdmans and the Hirsches ceased to be Virgin Islands residents and filed tax returns with both the VIBIR and the Internal Revenue Service ("IRS").

---

[1]  Because the VIBIR's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

The Birdmans and Hirsches each filed joint personal income tax returns for the 2006 tax year. In those returns, the Birdmans claimed that 85.7% of their income was sourced in the Virgin Islands.  The Hirsches claimed that 81.47% of their income was sourced in the Virgin Islands for that tax year.

The Hirsches and Birdmans paid the sum total of taxes due to both the IRS and the VIBIR wholly to the IRS. They assumed that the IRS would transfer payment to the VIBIR pursuant to 26 U.S.C. § 7654, or the VIBIR would request payment for its share of the Hirsches' and Birdmans' income tax payments directly from the IRS.

In April 2009, the Birdmans, the Hirsches, Barclay and Kingsbridge (together, the "Plaintiffs") initiated this lawsuit against the VIBIR and the United States of America.  They allege that "the IRS has not paid over to the VIBIR the amounts due it according to Birdmans' and Hirsches' 2006 income tax returns." (Compl. at 2.)  They further allege that "the VIBIR has not sought payment from the IRS, nor indicated to the IRS that it is entitled to those payments because those payments reflect taxes for USVI sourced income." (*Id.*)  They claim to be indebted to the VIBIR because of their overpayments to the IRS. They assert that the defendants' inaction constitutes a derogation of those agencies' statutory obligations.

The Plaintiffs assert three causes of action. Count One seeks a negative injunction compelling the VIBIR to issue a source determination for income earned by Barclay and Kingsbridge for tax year 2006. Count Two seeks an order compelling the IRS to refund to the Birdmans $3,248,733. Count Three seeks an order compelling the IRS to refund to the Hirsches $2,853,162.

The VIBIR now seeks to dismiss this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The United States moves the Court to dismiss Counts Two and Three pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative to sever the case and transfer the claims against the United State to the jurisdiction where the Plaintiffs reside. The Plaintiffs oppose both motions.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable

legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 559 U.S. 554, 589 (1965)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the plaintiff's claims. As the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)(citation omitted).

A motion brought pursuant to Federal Rule of Civil Procedure

12(b)(3), seeks dismissal based on improper venue. On such a motion, "a court must accept as true all allegations of the complaint unless contradicted by the defendant's affidavits." *Merchants Mut. Ins. Co. v. Benchoff*, 2009 WL 2207813, at *2 (W.D. Pa. 2009)(citations omitted)). The moving party bears the burden of demonstrating that venue is improper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 732 (3d Cir. 1982).

## III. **ANALYSIS**

### A. Mirror Tax System

Before examining the defendants' motions to dismiss, it is useful to understand the unique tax system which governs taxpayer obligations in the Virgin Islands. In the Naval Appropriations Act of July 12, 1921[2], Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" save those provisions of the Internal Revenue Code which conflict with the Virgin Islands distinct tax structure. *HMW Indus., Inc., v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974). In many instances, mirrored provisions have been

---

[2]The Naval Appropriations Act provides in pertinent part:

The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands . . . .

48 U.S.C. § 1397.

incorporated into title 33 of the Virgin Islands Code. *WIT Equip.*

*Co., Inc., v. Dir., V.I. Bureau of Internal Revenue*, 185 F. Supp.

2d 500, 503 (D.V.I. 2001). Even where there has been no

"codif[ication] locally . . . all provisions of the I.R.C. have

force in the Virgin Islands unless they are 'manifestly

inapplicable or incompatible with a separate territorial income

tax.'" *Id.* (quoting *Chicago Bridge & Iron Co.* v. *Wheatley*, 430

F.2d 973, 976 (3d Cir. 1970)(citations omitted)). "The result of

[the Naval Appropriations Act] has been . . . a 'mirror system'

of taxation under which Virgin Islands residents discharge their

United States tax liability by paying all income taxes directly

to the Treasury of the Virgin Islands." *Abramson Enters.*, *Inc. v.*

*Gov't of the V.I.,* 994 F.2d 140, 142 (3d Cir. 1993).

> The Virgin Islands legislature has enacted in Subchapter
> II of Title 33 a comprehensive plan for procedure and
> administration of the mirror image income tax derived
> from Subtitle F of the Internal Revenue Code of 1954.
> This plan includes a provision for judicial review in
> the district court of asserted deficiencies, 33 V.I.C.
> §§ 942, 943, 944, and 1931(1), analogous to review in
> the tax court. 26 U.S.C. §§ 6212, 6213. It also permits
> suits for refund, 33 V.I.C. § 1692, analogous to such
> suits pursuant to 26 U.S.C. § 7422.

*Pan Am. World Airways Inc. v. Duly Authorized Gov't of the V.I.*,
459 F.2d 387, 391 n. 2 (3d Cir. 1972).

This Court has previously noted that given the deliberate

parallels between the provisions for petitions of redetermination

of deficiencies under the federal and territorial system, case

law addressing I.R.C. provisions offers guidance for the Court's

consideration of redetermination of tax deficiency actions:

> As is the case with other aspects of the federal and
> territorial tax codes, the Virgin Islands statutes
> governing redetermination of deficiencies
> substantially mirror their I.R.C. counterparts. It
> follows that case law applying sections 6212 and 6213
> is persuasive in Virgin Islands tax matters.
> Additionally, the District Court of the Virgin Islands
> has adopted a subset of the Tax Court Rules as its own
> local rules applicable to redetermination cases.

*WIT Equip. Co.*, 185 F. Supp. 2d at 503 (internal citations

omitted).  With that guidance in mind, the Court will address the

Plaintiffs' claims.

## B. Jurisdiction

The VIBIR challenges the Court's jurisdiction over this

matter.  It asserts that the Plaintiffs have failed to exhaust

their administrative remedies because they did not file a claim

of refund with the VIBIR or a petition for redetermination before

bringing this action.

"Virgin Islands residents may litigate the amount of their

income tax liability in two ways." *WIT Equip. Co., Inc.*, 185 F.

Supp.2d at 503.  The first avenue is a refund action. In order to

pursue a refund action in this Court, a taxpayer must pay the tax

assessed and then file a refund claim for the amount overpaid.

I.R.C. § 7422; V.I. CODE ANN. tit. 33, § 1692.  The second avenue

is a petition for redetermination.  Upon receiving a notice of

deficiency[3] from the VIBIR, the taxpayer may petition this Court

for a redetermination of their assessed deficiency.  26 I.R.C. §

6213; V.I. CODE ANN. tit. 33, § 943.

The Plaintiffs have not yet paid any deficiency to the

VIBIR.  As such, they cannot avail themselves of the refund

avenue to litigate their tax liability.  The Plaintiffs only

remaining pathway to litigating their income tax liability to the

VIBIR in this Court is as a petition for redetermination.

A notice of deficiency "is a prerequisite to the subsequent

litigation before the Tax Court on a petition for

redetermination." *Berger v. Commissioner*, 404 F.2d 668, 673 (3d

Cir. 1968).  In setting forth a notice of deficiency, "[a]t least

three essential requirements are involved: (1) A notice, (2) the

assertion of a deficiency in that notice, and (3) the sending of

the notice to the taxpayer." *Intervest Enters., Inc. v.

Commissioner*, 59 T.C. 91, 94 (1972).  The Plaintiffs attached to

their complaint,  a document that the VIBIR sent to the Birdmans

---

[3]Under the Internal Revenue Code, when a taxpayer is deficient in the
payment of federal income tax, the agency sends the taxpayer a notice of
deficiency.  I.R.C. § 6212.  The Virgin Island Code provides that the VIBIR
follow a similar protocol when that agency determines that a taxpayer has
failed to pay all of the income tax due. V.I. CODE ANN. tit. 33, § 942 ; *see
also W.I.T. Equip. Co.*, 185 F. Supp.2d at 510 ("When the IRS-or, in the case
of the Virgin Islands, the BIR-determines that a taxpayer has not paid all of
the income tax due, the agency sends the taxpayer a notice of deficiency by
certified or registered mail.").  After the notice has been sent, the taxpayer
must file a petition for redetermination of the deficiency within ninety days,
or one hundred and fifty days if the individual is outside the United States,
in order for this Court to have jurisdiction to order a refund. V.I. CODE ANN.
tit. 33, § 943.

in March 2007, captioned "Reminder," which stated: "According to

our records, you haven't paid all you owe for the [12/31/2005]

tax period . . . . To avoid additional penalty and interest,

please pay the full amount you owe within twenty-one days from

the date of this notice." (Compl., Ex. 1.)  The complaint however

does not allege injury related to the 2005 tax period.  Rather,

the 2006 tax period is the period at issue.  The complaint does

not otherwise assert that any other Plaintiffs received a notice

of deficiency from the VIBIR.[4]  Furthermore, the Plaintiffs do

_____

        [4]In their opposition to the VIBIR's motion to dismiss, the Birdmans note
that they received a correspondence from the VIBIR on April 2, 2008 stating
that the amount of $2,849,315 was due to the VIBIR. (Pls.' Opp. to VIBIR's
Mot. to Dismiss 4.)  The Hirsches likewise indicate that they received a
similar correspondence from the VIBIR on April 30, 2008, stating that the
amount of $2,853,162 was due to the VIBIR. (*Id.*)  They attached these letters
to their opposition.  The letters captioned "8689 Individual Income Tax Return
Arithmetic Correction-Balance Due" state that while checking their returns for
the December 31, 2006 tax period, the VIBIR found that the Birdmans and
Hirsches owed taxes and asked that they "please compare your figures with
ours." (Exs. C & D, Pls.' Opp. To VIBIR's Mot. to Dismiss.)
        The VIBIR further informed the Plaintiffs that they were responsible for
recovering any funds paid to the IRS in an attempt to satisfy Virgin Islands
tax liability:

        Since we do not have an agreement with the U.S. government to
        recover funds for Form 8689, it is your responsibility to recover
        these funds by filing form 843 with the IRS.  Therefore, your
        return was adjusted and as a result, there is a tax liability.

(Pl's Opp. to VIBIR's Mot. to Dismiss, Ex. C.)
        The Birdmans and Hirsches assert that because those correspondences
"lacked the formality and language customarily included in typical notices of
deficieny, Mr. Birdman and Mr. Hirsch initially operated under the
understanding that these were not notices of deficiency from the VIBIR.
        The Plaintiffs assert that during the course of a discussion with the
VIBIR's attorney, Assistant Attorney General, Tamika Archer, the Government
suggested that these letters could be construed as notices of deficiency. (*Id.*
at 5.) The Government disputes this representation of their position on the
correspondences.
        The Plaintiffs argue that "in the alternative, if the letters are not
sufficient notices of deficiency," the Court must address whether VIBIR should
be permitted to preclude access to this Court by dragging its feet in sending

not seek a redetermination of their tax deficiency in their

complaint. Rather, the Plaintiffs seek source income

determinations from the VIBIR for the 2006 tax year as to Barclay

and Kingsbridge.  The Court thus finds that the Plaintiffs have

not stated a claim for a petition for redetermination in Count

One.

The Court further notes that the Plaintiffs have failed to

assert any other cognizable claim against the VIBIR over which

this Court would have jurisdiction.  The Plaintiffs' stated

injury is that the VIBIR's inaction with respect to outstanding

tax amounts from the Birdmans and Hirschs" has resulted in "the

Plaintiffs [being] improperly required to maintain business and

personal records for an indefinite amount of time[5] in order to

defend themselves against an IRS source income challenge."(Compl.

¶ 61.)  Their asserted injury is one connected with having to

maintain tax records, an injury which they have not tied to any

claim recognized at law.

Moreover, the Plaintiffs in Count One, are not objecting to

---

out notices of deficiency. (*Id.*). As the Plaintiffs did not assert the
existence of the notices in their complaint, they did not state a claim
regarding such notices.  The Court declines the Plaintiffs' invitation to
render a determination on the legal significance of those correspondences, in
the absence of their raising a  claim for a petition for redetermination
before the Court.

[5]The Plaintiffs assert that "the IRS has taken the position that the
statute of limitation under IRC § 6501(a) does not apply to the Birdmans and
Hirschs." (Compl. ¶ 61.)

the VIBIR's or the United States' conduct, but rather challenging the specter of the defendants' possible future injurious conduct. The Plaintiffs' challenge of actions that have not yet occurred, and are not even unquestionably imminent, implicates ripeness concerns.

"The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Presbytery of N.J. of the Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994). The Supreme Court has held that plaintiffs must present a "claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14 (1972). A claim fails to be ripe for adjudication if it relies upon contingent future occurrences that may not occur as expected, or may not occur at all. *Texas v. United States,* 523 U.S. 296, 300 (1998). In Count One, the Plaintiffs have presented a claim that relies on such contingent future events, and thus is not ripe for adjudication. The Court will thus dismiss the claim asserted in Count One.

## B. Venue

The United States challenges the venue of this action. It argues that at the time of the filing of their complaint, the Plaintiffs resided in the Southern District of Florida. Accordingly, they suggest that the Southern District of Florida

is the proper forum for the adjudication of the Plaintiffs'

claims. The United States thus moves the Court to dismiss all of

the claims against it for improper venue, or in the alternative

to sever those claims and transfer them to the United States

District Court for the Southern District of Florida.

The United States contends that subsection (a) of 28 U.S.C.

§ 1402("section 1402(a)") specifies the appropriate venue for

income tax cases brought against the United States. *See* 28 U.S.C.

§ 1402(a). That section provides in pertinent part:

> (a) Any civil action in a district court against
> the United States under subsection (a) of section 1346
> of this title may be prosecuted only:
> (1) Except as provided in paragraph (2), in the
> judicial district where the plaintiff resides;
> (2) In the case of a civil action by a corporation
> under paragraph (1) of subsection (a) of section 1346,
> in the judicial district in which is located the
> principal place of business or principal office of the
> corporation . . . .

*Id.*

In order to determine whether the strictures of section

1402(a) apply, the Court must first determine whether the action

brought by the Plaintiffs is contemplated by subsection (a) of 28

U.S.C. § 1346 ("section 1346(a)"). That section includes in its

ambit:

> Any civil action against the United States for the
> recovery of any internal-revenue tax alleged to
> have been erroneously or illegally assessed or
> collected, or any penalty claimed to have been
> collected without authority or any sum alleged to

have been excessive or in any manner wrongfully
collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1).

Here, the Plaintiffs' assertions do not fit squarely
within the grounds for refund outlined in section 1346(a).
They are not directly claiming that the United States
illegally assessed or collected their payments. Rather, they
contend that "[t]he IRS has improperly refused to submit the
payments directly to the VIBIR, or, in the alternative, to
refund the overpayment" to the Birdmans or Hirsches. (Compl.
¶¶ 70 & 78.) Courts have expansively construed what claims
may fall under the umbrella of "any sum alleged to have been
excessive . . . under the internal-revenue laws." 28 U.S.C. §
1346. In *Flora v. United States*, 362 U.S. 145, 149 (1960),
the Supreme Court concluded that "'any sum,' instead of being
related to 'any internal-revenue tax' and 'any penalty,' may
refer to amounts which are neither taxes nor penalties." *Id.*
As such, a plaintiff may properly seek recovery for "items
which might not be designated as either 'taxes' or 'penalties'
by Congress or the courts." *Id.* Given the far-reaching
meaning attached to "any sum," the Plaintiffs' suit for
recovery of funds paid with the expectation that they would be
paid over to the VIBIR, could properly be construed as falling
within the purview of section 1346(a).

Having determined that the Plaintiffs' claims in Counts
Two and Three fall within the category of claims defined in
section 1346(a), the Court will now turn to the parties'
dispute about the application of section 1402(a). The
Plaintiffs argue that the reach of section 1402(a) is
circumscribed by the Revised Organic Act. They assert that
the Revised Organic Act dictates that the District Court of
the Virgin Islands has exclusive jurisdiction over claims
related to Virgin Islands income tax laws.

Subsection (a) of 48 U.S.C. § 1612 ("section 1612(a)")
provides in pertinent part that:

> The District Court of the Virgin Islands shall have
> exclusive jurisdiction over all criminal and civil
> proceedings in the Virgin Islands with respect to
> the income tax laws applicable to the Virgin
> Islands, regardless of the degree of the offense or
> the amount involved, except the ancillary laws
> relating to the income tax enacted by the
> legislature of the Virgin Islands.

48 U.S.C. § 1612(a). The Plaintiffs assert that "Section 1612
vests this Court with both jurisdiction and venue because
Congress sought to maintain consistency in rulings regarding
USVI tax law." (Resp. to United States' Mot. to Dismiss 13.)

The United States argues that section 1612(a) does not
vest sole jurisdiction over cases involving the "income tax
laws applicable to the Virgin Islands" in this Court,

depriving all other federal courts of jurisdiction over such cases. 48 U.S.C. § 1612(a). Rather, the United States contends that section 1612 outlines the appropriate jurisdiction of the District Court of the Virgin Islands vis-a-vis the territorial courts of the Virgin Islands. The United States asserts that the appropriate understanding of the "exclusive jurisdiction" language is that, as to courts located in the Virgin Islands, the District Court is the only court that has jurisdiction over cases involving income tax laws applicable to the Virgin Islands.

In support of its position, the United States points to *Brow v. Farrelly*, 994 F.2d 1027, 1029 (1993). In *Brow*, the United States Court of Appeals for the Third Circuit addressed this Court's jurisdiction over Brow's petition for a writ of mandamus enforcing a favorable judgment arising out of an employment dispute between Brow and the Virgin Islands Police Department as well as this Court's jurisdiction over a petition for a temporary restraining order brought pursuant to 42 U.S.C. § 1983 to prevent the Virgin Islands Government from withholding Brow's wages and benefits without due process. The Third Circuit noted that "the Territorial Court's original jurisdiction over all local civil actions is subject to the District Court's concurrent federal question and diversity

jurisdiction in section 1612(a) of the Revised Organic Act."

*Id.* at 1033. The United States highlights the Third Circuit's

jurisdictional explanation in *Brow*:

> In summary, the present state of the jurisdiction of the Virgin Islands courts in civil matters is as follows:
>
> 1) The District Court of the Virgin Islands has exclusive jurisdiction over all civil proceedings in the Virgin Islands regarding the income tax laws applicable to the Virgin Islands, and all other civil proceedings over which a United States District Court has exclusive jurisdiction, as ordained by Congress, 48 U.S.C. § 1612(a) (1988), *see, e.g.,* 28 U.S.C. § 1333 (1988) (admiralty, maritime and prize cases); 28 U.S.C. § 1334 (Supp.1988) (cases under Title 11-bankruptcy); 28 U.S.C. § 1338 (1988) (patent, copyright and trademark cases).
>
> (2) The District Court of the Virgin Islands has the original federal question and diversity jurisdiction conferred upon it by section 1612(a) of the Revised Organic Act, 48 U.S.C. § 1612(a) (1988), and shares this jurisdiction concurrently with the Territorial Court of the Virgin Islands, 48 U.S.C. §§ 1611(b), 1612(b) (1988); and
>
> (3) The Territorial Court of the Virgin Islands has original jurisdiction over all local civil actions regardless of the amount in controversy, 4 V.I.Code § 76(a) (Supp.1991), and exclusive jurisdiction as enumerated in section 1612(b) of the Revised Organic Act, 48 U.S.C. § 1612(b) (1988) (civil actions wherein the amount in controversy does not exceed $500).

*Id.* at 1034. *Brow* involved a jurisdictional debate about

whether the District Court or territorial courts had

jurisdiction over Brow's mandamus action and over his petition

for injunctive relief. The Third Circuit's jurisdictional analysis was responsive to whether jurisdiction over such matters properly laid with this Court or the territorial courts. Though the Third Circuit touched on the relevant division of jurisdiction over civil matters involving Virgin Islands income tax laws between the territorial courts and this Court, the *Brow* Court did not consider the implications of the "exclusive jurisdiction" language for the jurisdiction of other federal courts over Virgin Islands income tax law cases.

This issue is one of first impression for the Court. The touchstone for the Court's analysis of section 1612(a)'s grant of jurisdiction over cases involving income tax laws applicable to the Virgin Islands is the plain statutory language. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010)("It is the cardinal canon of statutory interpretation that a court must begin with the statutory language.") "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)(internal citations and quotations omitted).

The "in the Virgin Islands" language which follows

Congress' declaration of exclusive jurisdiction in section

1612(a), defines the scope of Congress' jurisdictional grant

with respect to income tax law matters in the Virgin

Islands.  Such language suggests that a proceeding must be

initiated or pending in the Virgin Islands to be the subject

of this Court's exclusive jurisdiction.  The natural

interpretation of that language is that it establishes this

Court's exclusive jurisdiction over income tax laws

applicable to the territory, as among the courts of record

in the Virgin Islands[6].  To give section 1402(a) the sweeping

_____

[6]In reaching this conclusion, the Court does not gloss over the
"exclusive jurisdiction" language in section 1612(a).  The Court notes that in
the context of the Supreme Court's jurisdiction over " all controversies
between two or more States," the statute giving the High Court jurisdiction,
deprives all other federal courts of jurisdiction over such matters. 28 U.S.C.
§ 1251(a). In *Mississippi v. Louisiana*, 506 U.S. 73, 77-78 (1992), the Court
addressed Mississippi's contention that a district court in Mississippi could
exercise jurisdiction over a dispute in which Louisiana had intervened and
filed a third-party complaint against Mississippi:

> But Mississippi's argument for jurisdiction in the District Court
> here founders on the uncompromising language of 28 U.S.C. §
> 1251(a),which gives to this Court 'original and *exclusive*
> jurisdiction of all controversies between two or more States'
> (emphasis added). Though phrased in terms of a grant of
> jurisdiction to this Court, the description of our jurisdiction as
> "exclusive" necessarily denies jurisdiction of such cases to any
> other federal court. This follows from the plain meaning of
> "exclusive," see Webster's New International Dictionary 890 (2d
> ed. 1942) ("debar from possession"),and has been remarked upon by
> opinions in our original jurisdiction cases[.]

(internal footnote omitted).

The jurisdictional grant at issue in *Mississippi v. Louisiana* critically
differs from section 1612(a), in that the exclusive jurisdiction there was as
to " all controversies between two or more states," without further limitation
of the jurisdictional statement. 28 U.S.C. § 1251(a).  The geographical
language in section 1612(a) which grants jurisdiction over "all criminal and

exclusivity the Plaintiffs urge, the Court would have to

disregard the "criminal and civil proceedings in the Virgin

Islands" language.  Such a reading would be contrary to the

Court's " task . . . to give effect to all parts of the

[statute], without trampling on the plain meaning of the

words." *Sekula v. FDIC*, 39 F.3d 448, 454 (3d Cir. 1994); *see*

*also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 168 (3d Cir.

2005)("[W]e must, whenever possible, read the statute in

such a manner as to give effect to every part of it." ).

The Court therefore concludes that section 1612(a)

carves out jurisdiction over proceedings in the Virgin

Islands involving Virgin Islands income tax laws, as between

this Court and the territorial courts.  Given that section

1612(a) does not speak to the relationship between this

Court and other federal courts over matters involving Virgin

Islands income tax law, that jurisdictional grant does not

place this Court as the only court under the flag with

jurisdiction.  In light of this understanding of the

jurisdictional grant, nothing in the language of section

---

civil proceedings *in the Virgin Islands"* with respect to Virgin Islands income
tax laws, confines the reach of the exclusive jurisdiction to such matters in
the Virgin Islands.  48 U.S.C. 1612(a)(emphasis supplied).  The effect is that
the statute is not of the mold of the "exclusive jurisdiction" statute
governing controversies between two states.  Section 1612(a) does not deprive
all other federal courts of jurisdiction over civil proceedings involving
income tax laws applicable to the Virgin Islands.

1612(a) obviates the need to satisfy the federal venue

requirements in section 1402(a). As such, the Court will

turn to the United States' argument that this Court does not

have venue over this action.

Section 1402(a) provides that this action may only be

prosecuted in the judicial district where the plaintiff

resides. In undertaking this residency analysis, the Court

looks to the place where the Plaintiffs[7] resided at the time

of the filing of the complaint. *See Norsworthy v. Mystik*

*Transport, Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tx.

2006)("[V]enue is determined at the time a complaint is

filed[.]"). In their complaint, the Birdmans and Hirsches

indicate that they ceased to be residents of the Virgin

---

[7]The Court notes that Barclay and Kingsbridge are also identified as
Plaintiffs in the complaint. Section 1402(a)(2) provides that a civil suit
against the United States may only be litigated:

> In the case of a civil action by a corporation under paragraph (1)
> of subsection (a) of section 1346, in the judicial district in
> which is located the principal place of business or principal
> office or agency of the corporation; or if it has no principal
> place of business or principal office or agency in any judicial
> district (A) in the judicial district in which is located the
> office to which was made the return of the tax in respect of which
> the claim is made, or (B) if no return was made, in the judicial
> district in which lies the District of Columbia. Notwithstanding
> the foregoing provisions of this paragraph a district court, for
> the convenience of the parties and witnesses, in the interest of
> justice, may transfer any such action to any other district or
> division.

28 U.S.C. 1402(a)(2).

In the complaint, the Birdmans and Hirsches are the only plaintiffs who seek
recovery of taxes paid. The Court thus confines its venue examination to the
residences of the Birdmans and Hirsches.

Islands for the 2006 tax year.  The United States filed a declaration from IRS agent, Rodolfo Gonzalez, that the Birdmans resided in Aventura, Florida in August of 2009. The United States likewise submitted a declaration from IRS agent, Ramon Fuentes, that the Hirsches resided in Highland Beach, Florida in August 2009.  Given the Plaintiffs' residences, venue does not lie in this Court.

When presented with a case for which venue does not lie in this district, subsection (a) of 28 U.S.C. § 1406 provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The Court will transfer this action to the district where the Plaintiffs reside, the Southern District of Florida. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)("If by reason of the uncertainties of proper venue a mistake is made, Congress by the enactment of s1406(a), recognized that the 'interest of justice' may require that the complaint not be dismissed but rather that it be transferred . . . .").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the VIBIR's motion to dismiss is **GRANTED.** Additionally, the United States' motion to transfer is **GRANTED** as to Counts Two and Three. An appropriate Order follows.

S\_____
     **CURTIS V. GÓMEZ**
      **Chief Judge**